George K. Angelos, Appellee, v. Peter Pelias, Appellant.

Gen. No. 5,172.

1. EVIDENCE—*when admission of irrelevant, ground for reversal.* To admit proof of facts not in issue which tends to distract the attention of the jury from the real issues of the cause, is ground for reversal.

2. EVIDENCE—*right of witness to refer to memoranda.* Upon the

defense of payment a defendant has a right to use in making his case a memorandum book kept by himself.

3. CONDUCT OF COUNSEL—*when ground for reversal*. Remarks of counsel made upon subjects not in issue and of a kind calculated to prejudice the jury, are improper, and if objections thereto are not sustained, constitute ground for reversal.

Assumpsit. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

LAGGER & BLATT, for appellant.

BARR, BARR, & BARR, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellee brought this suit against appellant to recover for wages claimed under special contracts. The declaration contained the common counts only. Appellant pleaded non assumpsit and payment, and asked for a specific bill of particulars, whereupon appellee stated in open court that his claim was for wages only. On a trial, appellee had a verdict for $1,062.50. The court required a *remittitur* of $129 and denied a motion for a new trial and entered judgment for $933.50 from which this appeal was taken.

The evidence discloses that appellee, a nephew of appellant, came from Greece, and entered his employment. Both agree that the services for which the suit was brought were rendered under express contracts made from time to time, the consideration to appellee being a specific sum to be paid in money, and board and lodging furnished. They differed as to the amount that was to be paid. In this condition of the proof appellee was permitted to introduce evidence tending to show the poor quality of the meals and lodging furnished, and also evidence as to the amount of money that his services made for appellant. All of this testimony was incompetent, and was admitted over objections of appellant, to which exceptions were

preserved. This proof was calculated to prejudice the jury against appellant. There were but two questions at issue: First, what was the amount or what were the amounts which it was agreed should be paid as wages for the times of service in dispute, and second, what payments had been made thereon for the services so in dispute? It is plain that to permit proof of poor meals and poor room for lodging, or of how much was made by appellant from appellee's services, was to distract the attention of the jury from the issues in the case, and to prejudice them against the defendant, and to induce a verdict upon matters not at issue.

Appellant was allowed, without objection, to testify from a memorandum book made by himself. On appellant's cross examination, a controversy arose between counsel as to the right to inspect such memorandum book, counsel for appellee contending that he had a right to inspect the whole book, counsel for appellant as vigorously insisting that counsel for appellee's right of inspection was limited to appellee's account. The court made several attempts to regulate the conduct of counsel, and to quell the uproar occasioned by their vociferous criminations and recriminations, without succeeding, and apparently to dispose of a troublesome subject, of its own motion, excluded all the evidence which appellant had given, based upon his book accounts. An exception was preserved to this ruling. The ruling deprived appellant of his defense of payment and was erroneous.

Many things said by counsel for appellee during the introduction of the testimony, and in the argument to the jury, which were outside the issues, were improper and calculated to, and undoubtedly did, prejudice the jury against appellant's theory of the case. Counsel not only commented on the poor character of the board and room where appellee slept, but accused appellant of treating appellee as a slave, and of getting very rich out of his services and out of the services of

other boys brought over from Greece, and that he was about to retire upon a competency made in that way. Exceptions were taken many times to these remarks and these exceptions should have been sustained. We do not deem it necessary to consider other errors assigned, but for those indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*